Ryan Stygar (SBN 332764)
CENTURION TRIAL ATTORNEYS
8880 Rio San Diego Drive, Suite 800
San Diego, California 92108
Telephone: (858) 206-8833
Email: ryan@centurionta.com

Robert A. Waller, Jr. (SBN 169604)
LAW OFFICE OF ROBERT A. WALLER, JR.
P.O. Box 999
Cardiff-by-the-Sea, California 92007
Telephone: (760) 753-3118
Facsimile: (760) 753-3206
Email: robert@robertwallerlaw.com

Attorneys for Plaintiff BRIANA GALLLARDO, Individually and on behalf of all other employees similarly situated

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIANA GALLARDO, Individually and on behalf of all employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC, A Delaware Limited Liability Company f.k.a. AMAZON.COM SERVICES, INC.; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 3:22-cv-00297-LAB-AHG<br><br>*FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES AND CALIFORNIA PRIVATE ATTORNEY GENERAL ACT (PAGA) CLAIMS<br><br><br>*DEMAND FOR JURY* |

Plaintiff BRIANA GALLARDO ("Plaintiff"), for herself and all others similarly situated, alleges as follows:

1. Plaintiff is an individual and is now and at all times referenced mentioned in this complaint was a resident of San Diego County, California. At all times herein mentioned Plaintiff was employed by Defendant AMAZON.COM SERVICES LLC.

2. Defendant AMAZON.COM SERVICES, LLC is and at all times mentioned herein was a Delaware limited liability company organized, existing, and conducting business in California under and by virtue of the laws of California (Entity Number

202001010303). Defendant AMAZON was formerly known as AMAZON.COM SERVICES, INC. (California Secretary of State Entity Number C3678136) before reorganizing itself in January 2020. Because the claims asserted herein pre-date the reorganization both the LLC and INC entities are referred to herein as "Defendant AMAZON."

3. Plaintiff is unaware of the true identities and/or capacities of those defendants sued herein as "DOES 1 through 25, inclusive," and are for that reason sued by such fictitious names. Plaintiff will amend this complaint to allege the true names, capacities and identities of such "DOE" defendants if, and when, ascertained. Plaintiff is informed, believes and thereon alleges that each of the fictitiously named defendant(s) is/are thereon responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by such acts.

4. Plaintiff is informed, believes and thereon alleges that at all times mentioned herein, each of the defendants was the agent, employee, servant, partner and/or representative of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, servitude, partnership and/or other relationship and with the consent of each other.

## I.

## **FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

5. Plaintiff was employed by Defendant AMAZON in a position titled "Area Manager." Plaintiff was hired by AMAZON in January 2021.

6. In the position of "Area Manager" Plaintiff and all other similarly situated employees were designated and categorized by Defendant AMAZON as exempt from receiving overtime compensation for hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek. Defendant AMAZON stated on Plaintiff's wage statements/pay stubs, as well as those of all other similarly situated employees, that their "Basis of Pay" was "salary." Throughout Plaintiff's employment she was paid $28.00 per hour.

7. Plaintiff alleges based on the job duties and/or responsibilities of an "Area Manager" she and all other similarly situated employees did not meet the criteria of any recognized test in California for being exempt from receiving overtime compensation. Plaintiff alleges neither she nor any similarly situated "Area Managers" met the criteria for Executive Exemption, Administrative Exemption, and/or Professional Exemption regardless of whether she/they were/are paid an hourly rate equivalent to two times the applicable minimum wage.

8. Plaintiff alleges that at no time during her and all other "Area Manager" employees' employment by Defendant AMAZON were they paid overtime wages at the statutory rate of one and one-half (1½) times their regular rate of pay when they were employed for more than eight (8) hours any workday or in excess of forty (40) hours in a workweek.

9. Plaintiff alleges throughout her and all similarly situated employees' employment Defendant AMAZON stated on their wage statements/pay stubs that they were paid, at most, eighty (80) hours per two-week pay period without regard to the actual number of hours Plaintiff and all other similarly situated employees were employed in a given day or workweek.

10. Plaintiff alleges not only did Defendant AMAZON fail to pay overtime wages, but Defendant AMAZON also failed to pay minimum wage to Plaintiff and all others similarly situated for all hours they worked and were employed in excess of eighty (80) in any given pay period.

11. Plaintiff alleges Defendant AMAZON failed to maintain records of hours worked by Plaintiff and all other similarly situated employees including but not limited to all hours worked beyond eighty (80) in a two week pay period.

12. Plaintiff alleges that throughout her employment Defendant AMAZON failed and/or refused to provide Plaintiff and all other similarly situated employees with adequate seating even though the nature of the work reasonably permits the use of seats.

13. On or about January 13, 2022, Plaintiff filed with the California Labor Workforce Development Agency (LWDA) a notice of violation and claim in accordance with California Labor Code §2699.3. Plaintiff tendered to the LWDA the $75.00 administrative filing fee in accordance with California Labor Code §2699.3(a)(1)(B). Plaintiff's claim was assigned PAGA Case Number LWDA-CM-862676-22. Plaintiff mailed to Defendant AMAZON via certified return receipt postage copies of the letter sent to the LWDA.

14. More than 65 days have passed since Plaintiff filed her notice of violation and claim with the LWDA in which time the State of California has taken no action on Plaintiff's claim and has not notified Plaintiff that it intends to prosecute this action on her behalf or on behalf of other aggrieved employees. Plaintiff therefore prosecutes this action pursuant to the California Private Attorney General Act (PAGA), California Labor Code §2698, *et seq.*

## II.

## CLASS ACTION ALLEGATIONS

## (California Code of Civil Procedure §382)

15. Plaintiff incorporates by this reference each and every previous paragraph and all allegations contained therein as though set forth in full herein.

16. Plaintiff alleges the number of employees affected by Defendant AMAZON's actions, conduct and unlawful policy and/or practice as herein alleged are so numerous as to make joinder of individual cases impractical, a waste of judicial resources, and not judicially economical. Based on information and belief Plaintiff alleges there are more than 500 employees of Defendant AMAZON located in California who during the applicable limitations period were affected by Defendant AMAZON's practice of not paying overtime compensation to Area Managers, failing to pay Area Managers minimum wage for hours they were employed but did not receive compensation, Defendant AMAZON's failure to failure to maintain records, and failing to provide adequate seating, as herein alleged.

17. Plaintiff alleges for herself and all other employees similarly situated the actions of AMAZON as herein alleged involve common questions of law and fact including but not limited to whether AMAZON violated the provisions of California Labor Code §204 (failure to pay wages earned), §510 (failure to pay overtime wages), §1194 (failure to pay minimum wage and overtime wages), §1174 (failure to maintain records) and California Business & Professions Code §17200 (unlawful business practice).

18. Plaintiff alleges her claims against Defendant AMAZON, as herein alleged, are typical of all other similarly situated employees who are part of the class and/or subclasses as herein alleged.

19. Plaintiff GALLARDO alleges based on information and belief the class and/or subclasses are defined as follows:

> A. All "Area Managers" or similarly titled employees of Defendant AMAZON located in California who were not paid overtime wage for hours worked in excess of eight (8) hours per day or forty (40) hours per workweek;
>
> B. All "Area Managers" or similarly titled employees of Defendant AMAZON located in California who were not paid minimum wage for all hours worked;
>
> C. All employees of Defendant AMAZON.COM SERVICES, INC located in California whom Defendant failed to maintain proper records of hours worked.
>
> D. All employees of Defendant AMAZON.COM SERVICES, INC located in California whom Defendant failed to provide seats.

20. Plaintiff alleges neither she nor her counsel of record herein have any real or potential conflicts with members of the putative class and that he will adequately represent the interests of the class. Plaintiff further alleges her counsel of record herein are qualified, experienced and capable of effectively and adequately prosecuting this class action for the benefit of the class as a whole. Plaintiff is therefore an adequate class representative and her counsel of record herein are adequate to representative the putative class.

**III.**

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(Cal. Labor Code §1194, §510, §204, *et seq.*)**

21. Plaintiff incorporates by this reference each and every previous paragraph and all allegations contained therein as though set forth in full herein.

22. At all times herein mentioned Defendant AMAZON and/or DOES failed to pay Plaintiff and all other similarly situated employees wages for all overtime hours worked, permitted, directed and/or suffered in excess of eight (8) hours in any workday and/or in excess of 40 hours in any workweek as herein alleged.

23. Plaintiff alleges at the beginning of her employment she was sent an email from her supervisor directing Plaintiff that she was expected to regularly work from 6:00 p.m. to 4:30 a.m., and that Plaintiff was expected to arrive at work one hour before her scheduled shift and stay one hour after her scheduled shift.

24. Plaintiff alleges that Defendant AMAZON maintained a regular company policy and/or practice requiring Area Managers and similarly situated employees to regularly work shifts in excess of eight (8) hours per day.

25. Plaintiff alleges, to the best of her recollection, she worked in excess of eight (8) hours in one day for which she was not paid overtime on dates, including but not limited to, the following:

Thursday, March 25, 2021 – Friday, March 26, 2021

Friday, March 26, 2021 – Saturday, March 27, 2021

Saturday, March 27, 2021 – Sunday, March 28, 2021

Wednesday, March 31, 2021 – Thursday, April 1, 2021

Thursday, April 8, 2021 – Friday, April 9, 2021

Saturday, April 10, 2021 - Sunday, April 11, 2021

Thursday, April 15, 2021 – Friday, April 16, 2021

Saturday, April 17, 2021 – Sunday, April 18, 2021

---

*Gallardo v. Amazon.com Services LLC;* 3:22-cv-00297-LAB-AHG
**FIRST AMENDED** COMPLAINT                -6-

| | |
|---|---|
| 1 | Thursday, April 22, 2021 – Friday, April 23, 2021 |
| 2 | Friday, April 23, 2021 – Saturday, April 24, 2021 |
| 3 | Saturday, April 24, 2021 – Sunday, April 25, 2021 |
| 4 | Wednesday, April 28, 2021 – Thursday, April 29, 2021 |
| 5 | Thursday, April 29, 2021 – Friday, April 30, 2021 |
| 6 | Thursday, May 6, 2021 – Friday, May 7, 2021 |
| 7 | Friday, May 7, 2021 – Saturday, May 8, 2021 |
| 8 | Saturday, May 8, 2021 – Sunday, May 9, 2021 |
| 9 | Thursday, May 13, 2021 – Friday, May 14, 2021 |
| 10 | Friday, May 14, 2021 – Saturday, May 15, 2021 |
| 11 | Saturday, May 15, 2021 – Sunday, May 16, 2021 |
| 12 | Thursday, May 20, 2021 – Friday, May 21, 2021 |
| 13 | Friday, May 21, 2021 – Saturday, May 22, 2021 |
| 14 | Saturday, May 22, 2021 – Sunday, May 23, 2021 |
| 15 | Thursday, June 3, 2021 – Friday, June 4, 2021 |
| 16 | Friday, June 4, 2021 – Saturday, June 5, 2021 |
| 17 | Saturday, June 5, 2021 – Sunday, June 6, 2021 |
| 18 | Thursday, June 17, 2021 – Friday, June 18, 2021 |
| 19 | Friday, June 18, 2021 – Saturday, June 19, 2021 |
| 20 | Saturday, June 19, 2021 – Sunday, June 20, 2021 |
| 21 | Wednesday, June 23, 2021 – Thursday, June 24, 2021 |
| 22 | Thursday, June 24, 2021 – Friday, June 25, 2021 |
| 23 | Friday, June 25, 2021 – Saturday, June 26, 2021 |
| 24 | Saturday, June 26, 2021 – Sunday, June 27, 2021 |
| 25 | Thursday, July 1, 2021 – Friday, July 2, 2021 |
| 26 | Friday, July 2, 2021– Saturday, July 3, 2021 |
| 27 | Saturday, July 3, 2021 – Sunday, July 4, 2021 |
| 28 | Friday, July 9, 2021 – Saturday, July 10, 2021 |

| | |
|---|---|
| 1 | Saturday, July 10, 2021 – Sunday, July 11, 2021 |
| 2 | Thursday, July 15, 2021 – Friday, July 16, 2021 |
| 3 | Friday, July 16, 2021 – Saturday, July 17, 2021 |
| 4 | Saturday, July 17, 2021 – Sunday, July 18, 2021 |
| 5 | Thursday, July 22, 2021 – Friday, July 23, 2021 |
| 6 | Friday, July 23, 2021 – Saturday, July 24, 2021 |
| 7 | Saturday, July 24, 2021 – Sunday, July 25, 2021 |
| 8 | Thursday, July 29 – Friday, July 30, 2021 |
| 9 | Friday, July 30, 2021 – Saturday, July 31, 2021 |
| 10 | Saturday, July 31, 2021 – Sunday, August 1, 2021 |
| 11 | Wednesday, August 4, 2021 – Thursday, August 5, 2021 |
| 12 | Thursday, August 5, 2021 - Friday, August 6, 2021 |
| 13 | Friday, August 6, 2021 - Saturday, August 7, 2021 |
| 14 | Saturday, August 7, 2021 - Sunday, August 8, 2021 |
| 15 | Thursday, August 12, 2021 - Friday, August 13, 2021 |
| 16 | Friday, August 13, 2021 - Saturday, August 14, 2021 |
| 17 | Saturday, August 14, 2021 - Sunday, August 15, 2021 |
| 18 | Thursday, August 19, 2021 - Friday, August 20, 2021 |
| 19 | Friday, August 20, 2021 - Saturday, August 21, 2021 |
| 20 | Saturday, August 21, 2021 - Sunday, August 22, 2021 |
| 21 | Thursday, August 26, 2021 - Friday, August 27, 2021 |
| 22 | Friday, August 27, 2021 - Saturday, August 28, 2021 |
| 23 | Saturday, August 28, 2021 - Sunday, August 29, 2021 |
| 24 | Wednesday, September 1, 2021 – Thursday, September 2, 2021 |
| 25 | Thursday, September 2, 2021 - Friday, September 3, 2021 |
| 26 | Friday, September 3, 2021 - Saturday, September 4, 2021 |
| 27 | Saturday, September 4, 2021 - Sunday, September 5, 2021 |
| 28 | Thursday, September 9, 2021 - Friday, September 10, 2021 |

1. Friday, September 10, 2021 - Saturday, September 11, 2021
2. Saturday, September 11, 2021 - Sunday, September 12, 2021
3. Wednesday, September 15, 2021 – Thursday, September 16, 2021
4. Thursday, September 16, 2021 - Friday, September 17, 2021
5. Friday, September 17, 2021 - Saturday, September 18, 2021
6. Saturday, September 18, 2021 - Sunday, September 19, 2021
7. Thursday, October 7, 2021 – Friday, October 8, 2021
8. Friday, October 8, 2021 – Saturday, October 9, 2021
9. Saturday, October 9, 2021 – Sunday, October 10, 2021
10. Thursday, December 9, 2021
11. Friday, December 10, 2021
12. Saturday, December 11, 2021
13. Thursday, December 23, 2021
14. Friday, December 24, 2021
15. Thursday, December 30, 2021
16. Friday, December 31, 2021

26. Plaintiff alleges Defendant AMAZON maintains, or should as required by applicable law maintain, records reflecting all hours Plaintiff worked, including all hours in excess of eight (8) hours in one work day and/or forty (40) hours in a work week.

27. At all times herein mentioned Defendant AMAZON and/or DOES failed to pay Plaintiff and all other similarly situated employees overtime wages for all hours worked, permitted, directed and/or suffered in excess of the eight (8) hours in a work day and/or 40 hours in a work week.

28. As a direct and proximate result of Defendants' and each of their failure to pay overtime wages in violation of California Labor Code §204, §510 and/or §1194, *et seq.*, Plaintiff and all other similarly situated employees suffered damages in an amount according to proof at trial including interest thereon.

29. Plaintiff for herself and all other similarly situated and/or aggrieved employees seeks recovery of all applicable penalties as allowed by the California Labor Code and/or applicable IWC Wage Order in an amount according to proof.

30. As a further direct and proximate result of Defendants' and each of their conduct as herein alleged, Plaintiffs and each of them have retained legal counsel and are thereon entitled to an award of attorney's fees and costs of suit pursuant to applicable statute(s) including but not limited to California Labor Code §98.2(c), §218.5, §1194(a), in an amount according to proof at trial.

## IV.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGE

## (Cal. Labor Code §1194, §510, §204, *et seq.*)

31. Plaintiff incorporates by this reference each and every previous paragraph and all allegations contained therein as though set forth in full herein.

32. Plaintiff alleges Defendant AMAZON and/or DOES failed to pay Plaintiff and all other similarly situated and/or aggrieved employees minimum wage for all hours worked, permitted, directed and/or suffered in excess of the eighty (80) hours identified on Plaintiff's and all other similarly situated employees' wages statements/pay stubs as herein alleged, including but not limited to those hours in excess of eight (8) hours in a work day as alleged in Paragraph 28, *supra.*

33. As a direct and proximate result of Defendant's and each of their failure to pay wages in violation of California Labor Code §204, §510 and/or §1194, *et seq.*, Plaintiff and all other similarly situated employees suffered damages in an amount according to proof at trial including interest thereon.

34. Plaintiff for herself and all other similarly situated and/or aggrieved employees seeks recovery of all applicable penalties as allowed by the California Labor Code and/or applicable IWC Wage Order in an amount according to proof.

35. As a further direct and proximate result of Defendant's and each of their failure to pay minimum wages as herein alleged, Plaintiff and all other class members and aggrieved employees are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon in accordance with California Labor Code §1194.2.

36. As a further direct and proximate result of Defendants' and each of their conduct as herein alleged, Plaintiffs and each of them have retained legal counsel and are thereon entitled to an award of attorney's fees and costs of suit pursuant to applicable statute(s) including but not limited to California Labor Code §98.2(c), §218.5, §1194(a), in an amount according to proof at trial.

## V.

## THIRD CAUSE OF ACTION

## FAILURE TO MAINTAIN ACCURATE RECORDS

## (Cal. Labor Code §1174, §1174.5, PAGA §2699)

37. Plaintiff incorporates by this reference each and every previous paragraph and all allegations contained therein as though set forth in full herein.

38. On or about January 13, 2022, Plaintiff filed with the California Labor Workforce Development Agency (LWDA) a notice of violation and claim in accordance with California Labor Code §2699.3. Plaintiff tendered to the LWDA the $75.00 administrative filing fee in accordance with California Labor Code §2699.3(a)(1)(B). Plaintiff's claim was assigned PAGA Case Number LWDA-CM-862676-22. Plaintiff mailed to Defendant AMAZON via certified return receipt postage copies of the letter sent to the LWDA.

39. More than 65 days have passed since Plaintiff filed her notice of violation and claim with the LWDA in which time the State of California has taken no action on Plaintiff's claim and has not notified Plaintiff that it intends to prosecute this action on her behalf or on behalf of other aggrieved employees. Plaintiff therefore prosecutes this action

pursuant to the California Private Attorney General Act (PAGA), California Labor Code §2698, *et seq.*

40. Plaintiff alleged Defendant AMAZON and/or DOES failed to maintain accurate records of the hours Plaintiff and all other similarly situated employees worked in violation of California Labor Code §1174 as herein alleged.

41. Plaintiff and all other similarly situated employees allege Defendant AMAZON and/or DOES failed to maintain accurate records of all hours worked by Plaintiff and all other similarly situated employees beyond the eighty (80) hours as identified on their wage statements/pay stubs regardless of how many hours they worked.

42. Plaintiff and all other similarly situated employees allege Defendant AMAZON's and/or DOES' conduct in failing to maintain accurate records as required, as herein alleged, was knowing and intentional.

43. As a direct and proximate result of Defendant AMAZON's and/or DOES' failure to maintain accurate records as required Plaintiff and all other similarly situated employees are entitled to recover a civil penalty of $500 in accordance with California Labor Code §1174.5.

44. As a direct and proximate result of Defendant AMAZON's and/or DOES' failure to maintain accurate records as required Plaintiff and all other similarly situated employees are entitled to recover civil penalties as provided by the applicable IWC Wage Order in an amount according to proof at trial.

## VI.

## **FOURTH CAUSE OF ACTION**

## **WAITING TIME PENALTIES**

## **(Cal. Labor Code §203)**

45. Plaintiff incorporates by this reference each and every previous paragraph and all allegations contained therein as though set forth in full herein.

46. Plaintiff alleges for herself and all other similarly situated employees their unpaid overtime and/or minimum wage compensation constitute wages in accordance with California Labor Code §200, §515 and/or §1194.

47. Defendant AMAZON and/or DOES failed to pay Plaintiff and all other similarly situated employees overtime and/or minimum wages when due in violation of California Labor Code §204, §510, and/or §1194.

48. Plaintiff for herself and all other employees similarly situated alleges Defendant AMAZON violated California Labor Code §203 by willfully failing to pay Plaintiff and all other similarly situated employees all earned and accrued overtime and/or minimum wages as required by California Labor Code §204, §510 and/or §1194.

49. Plaintiff alleges for herself and all employees similarly situated Defendant AMAZON's and/or DOES' conduct in failing to pay overtime and/or minimum wages as herein alleged was willful or intentional because AMAZON and/or DOES knew Plaintiff and all other similarly situated employees were not exempt from overtime compensation under any applicable test and as such Defendant AMAZON had a legal obligation law to pay such overtime and/or minimum wages in accordance with California Labor Code §204, §510, §1194.

50. Plaintiff alleges for herself and all other employees similarly situated that as a direct and proximate result of Defendant AMAZON'S and/or DOES' actions as herein alleged Plaintiff and all other similarly situated employees are entitled to recover all additional and continuing wages provided by California Labor Code §203 including interest thereon in an amount according to proof at trial.

51. Plaintiff alleges for herself and all other similarly situated employees that as a direct and proximate result of Defendant AMAZON's and/or DOES' conduct as herein alleged Plaintiff and all other employees were denied use and benefit of their wages, including but not limited to having lost interest on those monies, all in an amount according to proof at trial.

52. In addition, as a proximate result of Defendant AMAZON's and/or DOES' conduct as herein alleged Plaintiff did employ attorneys and/or other legal professionals to prosecute this action and is thereon entitled to an award of attorney fees in an amount according to proof in accordance with California Labor Code §218.5.

53. As a direct and proximate result of Defendant AMAZON's and/or DOES' conduct and actions as alleged herein the court shall award pursuant to California Labor Code §218.6, interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2, in an amount according to proof at trial.

54. As a further direct and proximate result of Defendant AMAZON's and/or DOES' actions as herein alleged Plaintiff was required to and did retain attorneys and other legal professionals to represent her in this action and because this action confers a substantial benefit on a large group of persons and/or the general public and enforces significant rights Plaintiff is entitled to an award of attorney fees and costs in accordance with C.C.P. §1021.5.

## VII.

## FIFTH CAUSE OF ACTION

## UNLAWFUL BUSINESS PRACTICE

## (Cal. Bus. & Prof. Code §17200)

55. Plaintiff incorporates by this reference each and every previous paragraph and all allegations contained therein as though set forth in full herein.

56. Plaintiff alleges Defendant AMAZON and/or DOES engaged in an unlawful business practice by categorizing Plaintiff and all other similarly situated employees as exempt from being paid overtime and/or minimum wage compensation when Plaintiff and all other similarly situated employees did not meet the criteria under any test for exempt status including but not limited to the fact neither Plaintiff nor any similarly situated "Area Managers" met the criteria for Executive Exemption, Administrative

Exemption, and/or Professional Exemption regardless of whether she/they were/are paid an hourly rate equivalent to two times the applicable minimum wage.

57. Defendant AMAZON and/or DOES actions of failing to pay Plaintiff and all other employees similarly situated their earned and accrued overtime and/or minimum wages as required by California Labor Code §204, §510, §1194 constitutes an unlawful business practice in violation of California Business & Professions Code §17200.

58. Defendant AMAZON and/or DOES actions and conduct as herein in alleged by failing to provide seats as required by the applicable IWC Wage Order constitutes an unlawful business practice in violation of California Business & Professions Code §17200.

59. Plaintiff alleges as a result of Defendant AMAZON's and/or DOES's actions and conduct as herein alleged Plaintiff has suffered an injury in fact and actual damage in the form of lost wages and money.

60. Plaintiff alleges for herself and all other employees similarly situated that Defendant AMAZON and/or DOES engaged in the unlawful business practice herein alleged within four (4) years of the date of filing this action as specified in Cal. Bus. & Prof. Code §17208, and Defendant AMAZON continues to engage in the unlawful business practice(s) that are alleged in this complaint.

61. As a direct and proximate result of Defendant AMAZON's and/or DOES's unlawful business practice of violating California Labor Code §204, §510, and/or §1194, as herein alleged, Plaintiff and all other employees similarly situated are entitled to restitution of all unpaid wages and other benefits including interest thereon in an amount according to proof at trial so as to restore Plaintiff and all other employees to the money acquired by Defendant AMAZON's and/or DOES's from its unlawful business practice as herein alleged.

62. Pursuant to California Business & Professions Code §17204, Defendant AMAZON and/or DOES should be enjoined from engaging in or continuing its unlawful business practice as herein alleged.

63. As a further direct and proximate result of Defendant AMAZON's and/or DOES's actions as herein alleged Plaintiff was required to and did retain attorneys and other legal professionals to represent him and all other employees similarly situated in this action and because this action confers a substantial benefit on a large group of persons and enforces significant rights Plaintiff is entitled to an award of attorney fees and costs in accordance with C.C.P. §1021.5.

## VIII.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE SEATS

### (IWC Wage Order 9-2001, ¶14; PAGA, Cal. Labor Code §2698, *et seq.*)

64. Plaintiff incorporates by this reference each and every previous paragraph and all allegations contained therein as though set forth in full herein.

65. Plaintiff has exhausted the administrative remedy requirement set forth at Cal. Labor Code §2699, §2699.3, as herein alleged, prior to prosecuting this action pursuant to the California Private Attorney General Act (PAGA).

66. As provided by Labor Code §1198, the Industrial Welfare Commission ("IWC") establishes the standard conditions of labor for California employees. The employment of an employee under conditions prohibited by an IWC order is unlawful.

67. IWC Order No. 9-2001 applies to employees in the transportation industry. According to Paragraph 2(P) of IWC Wage Order 9-2001, "'Transportation Industry' means any industry, business, or establishment operated for the purpose of conveying persons or property from one place to another whether by rail, highway, air, or water, and all operations and services in connection therewith; and also includes storing or warehousing of goods or property, and the repairing parking, rental, maintenance, or cleaning of vehicles." Plaintiff and all other aggrieved employees are therefore employed by Defendant AMAZON in the "transportation industry" and covered by IWC Wage Order 9-2001.

68. According to Paragraph 14 of IWC Wage Order 9-2001, "(A) [a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." Sub-paragraph (B) states, "[w]hen employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

69. Plaintiff alleges Defendant AMAZON violated the provisions of IWC Wage Order 9-2001, Paragraph 14(A), by failing to provide to her and all other aggrieved employees seats as required by the Wage Order. Plaintiff alleges the nature of her work duties and responsibilities allowed for the use of seats without interfering with the performance of her, and all other aggrieved employees', duties.

70. Plaintiff alleges Defendant AMAZON violated the provisions of IWC Wage Order 9-2001, Paragraph 14(B), by failing to provide to her and all other aggrieved employees seats as required by the Wage Order. Plaintiff alleges that when she and all other similarly situated and/or aggrieved employees are not engaged in the active duties of their employment and the nature of their work requires standing, Defendant AMAZON failed to provide an adequate number of suitable seats in proximity to the work area thereby denying employees the use of seats when it does interfere with the performance of their duties.

71. Plaintiff brings this action on her own behalf and in a representative capacity pursuant to the PAGA on behalf of the all other current and former aggrieved employees for Defendant AMAZON's violations of the enumerated Labor Code sections and/or the applicable California Wage Orders as alleged herein and for the associated penalties pursuant to Cal. Labor Code §2699.

72. Plaintiff seeks for herself and all other similarly situated and/or aggrieved employees all available penalties as permitted by the Labor Code and/or the applicable IWC Wage Order in an amount according to proof.

*Gallardo v. Amazon.com Services LLC;* 3:22-cv-00297-LAB-AHG
**FIRST AMENDED** COMPLAINT                    -17-

73. Pursuant to Cal. Labor Code §2699, Plaintiff and all other aggrieved employees are entitled to recovery of twenty-five percent (25%) of all penalties referenced herein due under California law, including interest thereon, attorney's fees and costs in an amount according to proof at trial.

## IX.

## **PRAYER FOR RELIEF**

Plaintiff BRIANA GALLARDO, for herself and all other similarly situated employees and/or aggrieved employees, hereby prays for the following relief:

1. That this action be certified as a class action;

2. For special and/or economic damages in an amount according to proof at trial;

3. For restitution of Plaintiff's and all similarly situated employees' unpaid overtime and/or minimum wages including interest thereon as specified in California Labor Code §200, §204, §510, and/or §1194 for Defendant AMAZON's and/or DOES's violation of California Business & Professions Code §17200 in an amount according to proof at trial;

4. For injunctive relief prohibiting Defendant AMAZON and/or DOES from continuing its alleged unlawful business practice pursuant to California Business & Professions Code §17204;

5. For Plaintiff's and all similarly situated employees' unpaid wages including interest thereon for Defendant AMAZON's and/or DOES's violation of California Labor Code §200, §204, §510, and/or §1194, respectively, in an amount according to proof at trial;

6. For Plaintiff's and all similarly situated employees' continuing wages as specified in California Labor Code §203 for Defendant AMAZON's and/or DOES's violation of California Labor Code §200, §204, §510, and/or §1194, respectively, in an amount according to proof at trial;

7. For liquidated damages pursuant to California Labor Code §1194.2, in an amount according to proof at trial;

8. For damages and/or penalties for Defendant AMAZON's and/or DOES' failure to maintain records in violation of California Labor Code §1174 in an amount according to proof at trial;

9. For all available penalties as authorized by the California Private Attorney General Act, Labor Code §2699 *et seq*, in an amount according to proof;

10. For attorney fees in an amount according to proof pursuant to California Labor Code §98, §218.5 and/or §1194.

11. For costs of suit according to proof;

12. For prejudgment interest according to proof; and

13. For such other relief as may be fair just and equitable.

By,

Dated: March 31, 2022

/s/ Robert A. Waller, Jr.
ROBERT A. WALLER, JR.
Attorneys for Plaintiff
BRIANA GALLARDO, Individually and on behalf of all other employees similarly situated

## X.

## **DEMAND FOR JURY**

Plaintiff BRIANA GALLARDO for herself and all other employees similarly situated hereby demands a jury trial on each and every cause of action for which a jury trial is available.

By,

Dated: March 31, 2022

/s/ Robert A. Waller, Jr.
ROBERT A. WALLER, JR.
Attorneys for Plaintiff
BRIANA GALLARDO Individually and on behalf of all other employees similarly situated

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2022, a true and correct copy of the following: ***FIRST AMENDED* CLASS ACTION COMPLAINT FOR DAMAGES AND CALIFORNIA PRIVATE ATTORNEY GENERAL ACT (PAGA) CLAIMS** was filed electronically through the Court's ECF electronic filing system.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's EM/ECF System.

Dated: March 31, 2022

/s/ Robert A. Waller, Jr.
Robert A. Waller, Jr., Esq.
robert@robertwallerlaw.com